IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                    Criminal No. 3:07cr312

GERALD SYLVESTER WISE

## MEMORANDUM OPINION

Gerald Sylvester Wise, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Docket No. 42.) Wise makes the following claims:

Claim One    "Ineffective assistance of counsel at all stages of the criminal proceedings against [Wise]." (§ 2255 Mot. 5.)[1]

(a) Counsel failed to object to the amount of drugs attributed to Wise in the Presentence Investigation Report ("PSR").

(b) Counsel failed to object to the "drastically overstated" base and to total offense levels in the PSR. (Mem. Supp. § 2255 Mot. 12.)

(c) Counsel deficiently urged Wise to plead guilty to Count One of the Indictment.

---

[1] The Court has corrected the capitalization in the quotations to Wise's submissions.

| | |
|---|---|
| Claim Two | Law enforcement violated Wise's Fourth Amendment[2] rights during a search of Wise's residence. |
| Claim Three | The Court, in violation of the Fourth Amendment, improperly admitted the evidence obtained during the illegal search of Wise's residence. |
| Claim Four | The indictment "must be construed as multiplicitous." (§ 2255 Mot. 9.) |
| Claim Five | Federal agents violated Wise's Sixth Amendment[3] right to counsel during a post-arraignment interrogation. |

The Government filed its response. Wise has replied. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

A Grand Jury returned an indictment charging Wise with: conspiracy to possess with the intent to distribute and to distribute fifty grams or more of cocaine base (Count One); possession with intent to distribute and distribution of cocaine base (Count Two); possession of a controlled substance—marijuana (Count Three); and maintaining a drug house (Count Four). (Indictment (Docket No. 3) 1-3.) Pursuant to a plea agreement,

---

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[3] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

2

Wise pled guilty to Count One of the Indictment and the Government dismissed Counts Two, Three, and Four. (Plea Agreement (Docket No. 22) ¶ 1, 11.) The Court sentenced Wise to 135 months of imprisonment. Wise did not appeal.

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to

determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. <u>Id.</u> at 697.

### A. Amount Of Drugs Attributable To Wise

Wise avers that counsel performed deficiently by not objecting to the Probation Officer's statement in the PSR that the parties stipulated to the total weight of cocaine attributable to Wise. (Mem. Supp. § 2255 Mot. 11.) Prior to the preparation of the PSR, Wise signed a sworn Statement of Facts specifying that, had the case gone to trial, the Government was able to prove beyond a reasonable doubt "that the total amount of cocaine base distributed or possessed with the intent to distribute by [Wise] during the course of the conspiracy was in excess of 500 grams, but less than 1.5 kilograms." (Statement of Facts ¶ 5.) The PSR merely quoted the Statement of Facts in its entirety, verbatim. (PSR ¶ 12.) Counsel, therefore, had no reasonable basis to object. Thus, because Wise can show neither deficiency nor prejudice, Claim One (a) will be dismissed.

### B. Wise's Base And Total Offense Levels

In accordance with the United States Sentencing Guidelines ("Guidelines"), the Probation Officer preparing the PSR assigned Wise a base Offense Level of 34. (PSR Worksheet A, ¶ 1 (<u>citing</u> U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(3)).)

Wise claims that counsel deficiently failed to object to the base Offense Level stated in the PSR. Wise asserts that "[a] cursory reading of the 2007 United States Sentencing Guidelines, Section 2D1.1, clearly assigns a base offense level of 31 for [conspiracy to possess with the intent to distribute more than 500 grams but less than 1.5 kilograms] of 'crack' cocaine." (Mem. Supp. § 2255 Mot. 13.)

The PSR correctly reflects that the applicable base Offense Level was 34. USSG § 2D1.1(c)(4) (2007). The PSR then correctly applied a three-level reduction in consideration of Wise's guilty plea leaving Wise with an Offense Level Total of 31. (PSR Worksheet D, ¶ 2-3.); see USSG § 3E1.1. The Offense Level Total, combined with Wise's Criminal History Category of III, gave Wise a guideline range of 135 to 168 months of imprisonment. (PSR Worksheet D, ¶ 6); see USSG § 5A. No basis existed for counsel to reasonably object to the Offense Level. Accordingly, because Wise cannot show deficiency or prejudice, Claim One (b) will be dismissed.

### C. Wise's Guilty Plea

In Claim One (c), Wise states that counsel deficiently and "misguidedly advis[ed] him to plea [sic] guilty to Count One of the Indictment." (Mem. Supp. § 2255 Mot. 14.) Wise insists that he "**would not have pled guilty**, but for trial counsel's

ignominious errors."[4] (Id.) In the context of a guilty plea, the Supreme Court modified the second prong of Strickland to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Wise's assertions that he would have pled not guilty but for counsel's alleged error (Mem. Supp. § 2255 Mot. 14, 15) are not dispositive of the issue. See United States v. Mora-Gomez, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing Hill, 474 U.S. at 59-60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. Id. at 369-70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in

---

[4] The Court notes that the errors alleged in Claims One (a) and (b) occurred after Wise entered his guilty plea.

6

any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted). Accordingly, the United States Court of Appeals for the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. No circumstances exist here that would lead the Court to consider Wise's prior sworn statements anything but conclusively established. See Lemaster, 403 F.3d at 221.

Here, Wise attested to the following:[5]

> In or about February 2007, and continuing until at least March 8, 2007, in the Eastern District of Virginia and within the jurisdiction of this Court, [Gerald Sylvester Wise], did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others including co-defendant Crystal

---

[5] Wise stipulated that the Government could prove all of the facts in the Statement of Facts "beyond a reasonable doubt." (Statement of Facts 1.)

7

> Williams, to possess with the intent to distribute, and to distribute, in excess of 50 grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a Schedule II controlled substance.
>
> On or about March 8, 2007, a confidential source (CS) negotiated and consummated an exchange of $100.00 in U.S. currency for cocaine base from [Wise]. Subsequent laboratory analysis showed the suspected cocaine base to be in fact .55 grams of cocaine base.
>
> On March 8, 2007, law enforcement officials executed a search warrant at [Wise's] primary residence . . . . At [Wise's] residence, law enforcement seized numerous items, including: one (1) bag containing suspected marijuana that subsequent laboratory analysis confirmed was 2.3 grams of marijuana; five (5) bags containing suspected cocaine base that subsequent laboratory analysis confirmed was .11, .14, 3.4, 1.2, and .56 grams of cocaine base; multiple cell phones and two (2) security cameras; and sandwich bags, a metal pipe, a measuring cup and a metal tube that all contained drug residue.
>
> [Wise] was present at the time the warrant was executed. [Wise] was arrested and transported to the sheriff's office where he was advised of his rights pursuant to Miranda.[6] [Wise] stated that he understood his rights and was willing to talk with law enforcement. At that time [Wise] stated that he was a user of cocaine base and had sold cocaine base to at least ten (10) people that night from his home.

(Statement of Facts ¶¶ 1-4.) On this record, the Government had overwhelming evidence of Wise's guilt. It is therefore "beyond peradventure" that Wise would have been found guilty had he gone to trial. See Meyer, 506 F.3d at 369. Additionally, as a benefit of the Plea Agreement, Wise gained a three-level reduction in Offense Level and the Government's promise to

---

[6] Miranda v. Arizona, 384 U.S. 436 (1966).

dismiss Counts Two, Three, and Four of the Indictment. (Plea Agreement ¶ 11.) This three-level reduction significantly reduced Wise's sentencing exposure from 188-235 to 135-168 months of imprisonment. USSG § 5A. Furthermore, absent cooperation with the Government, Wise faced a statutory minimum sentence of 240 months based on his prior conviction for a felony drug offense. (See PSR ¶ 26); 21 U.S.C. § 841(b)(1)(A).

Wise's sworn statements, coupled with the Government's evidence and the tangible benefits received by Wise, belies any reasonable probability that, but for counsel's deficient advice, Wise "would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Thus, Wise fails to show prejudice resulting from counsel's advice that he plead guilty. Id. Consequently, Claim One (c) will be dismissed.

### III. CLAIMS CAPABLE OF ADDRESS ON DIRECT APPEAL

It is well established that, absent a showing of cause and prejudice or actual innocence, "[i]ssues that could have been raised on direct appeal but were not may not be raised in a collateral proceeding under § 2255, unless the movant can show cause for the default and resulting prejudice, or a miscarriage of justice." United States v. Williams, 396 F. App'x 951, 953 (4th Cir. 2010) (internal citations omitted). Wise did not

9

raise Claims Two through Five on direct appeal and does not assert that he is actually innocent. Wise does assert that good cause exists to excuse his default and that the default prejudiced him. (Mem. Supp. § 2255 Mot. 5.) However, Wise points to no relevant facts or law to support this assertion. Thus, Wise has procedurally defaulted Claims Two through Five and these claims are subject to dismissal for that reason. Moreover, as explained below, these claims fail to provide a plausible basis for relief.

### A. Fourth Amendment Claims

In Claims Two and Three, Wise argues that the search of his residence violated the Fourth Amendment and, as such, the Court was obliged to exclude evidence collected during the search. "Once a litigant is provided a full and fair opportunity to litigate a Fourth Amendment claim, he cannot re-litigate the claim in a motion pursuant to § 2255 unless there has been an intervening change in law." United States v. Schulte, No. 99-7667, 2000 WL 1390205, at *1 (4th Cir. Sept. 26, 2000) (citing Stone v. Powell, 428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333, 342 (1974)). Here, Wise had the opportunity, though he did not take it, to litigate Claims Two and Three on direct appeal. See Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978) (citing Gates v. Henderson, 568 F.2d

830, 837 (2d Cir. 1977)). Thus, they do not provide a basis for relief. Accordingly, Claims Two and Three will be dismissed.

**B. Claim Four**

In Claim Four, Wise states that Count One of the Indictment improperly charged him with conspiracy to possess and distribute both cocaine base and marijuana. (See Indictment 2). "[Wise's] interpretation of applicable laws and statutes views this count as being **"multiplicitous."** (Mem. Supp. § 2255 Mot. 19.) Because Wise failed to challenge the form of his indictment on direct appeal, he cannot challenge it here. United States v. Glymph, No. 97-6593, 1998 WL 25040, at *1 (4th Cir. Jan. 22, 1998) (citing Stone, 428 U.S. at 477 n.10). Moreover, the Court notes that Claim Four lacks merit.

"An indictment is multiplicitous if it charges the same crime in two counts, subjecting the defendant to two punishments for the same crime in violation of the Double Jeopardy Clause."[7] United States v. Outlaw, No. 11-4625, 2012 WL 388120, at *1 (4th Cir. Feb. 8, 2012) (citing United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005)). Thus, a single count of an indictment cannot itself be multiplicitous. Only where an indictment charges multiple statutory offenses premised on the

---

[7] "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

exact same conduct is the Double Jeopardy Clause implicated. Goodine, 400 F.3d at 207. So long as each charged offense contains at least one element that the others do not, an indictment is not multiplicitous. Id. (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).

The Indictment charged Wise with four counts: (1) conspiracy to distribute, (2) possession with intent to distribute cocaine base, (3) possession of marijuana, and (4) maintaining a drug house. Each of the offenses charged in the Indictment contains at least one element that the others do not. See 21 U.S.C. §§ 841(a)(1), 844(a), 846, 856. Thus, the Indictment was not multiplicitous. Accordingly, Claim Four will be dismissed.

C. **Claim Five**

Law enforcement personnel searched Wise's residence on March 8, 2007. (Statement of Facts ¶ 3.) After the search, law enforcement personnel arrested Wise and "advised [him] of his rights pursuant to Miranda." (Id. ¶ 4.) Wise then admitted that "he was a user of cocaine base and had sold cocaine base to at least ten (10) people that night from his home." (Id.)

In Claim Five, Wise states that, on August 8, 2008, after his release from state custody, he was "'re-arrested'" by federal agents and subjected to interrogation. (Mem. Supp.

§ 2255 Mot. 22.) Wise contends that his subsequent confession was coerced by the agent's promises of a future sentence reduction.[8] (Id. at 23.) Wise asserts that, because the interrogation and confession occurred "**after** [Wise] had been **indicted**, arrested, arraigned and released on bail," the agents violated his Sixth Amendment right to counsel. (Id. at 22.)

In Tollett v. Henderson the Supreme Court stated:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He [or she] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he [or she] received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

411 U.S. 258, 267 (1973). In Claim Five, Wise seeks neither to attack the voluntary and intelligent character of his guilty plea, nor the quality of advice from counsel. To the contrary, Wise clearly makes an independent Sixth Amendment claim. Accordingly, Claim Five will be dismissed.

---

[8] The Court notes that the Statement of Facts only reflects the admissions Wise made on March 8, 2008.

13

## IV. CONCLUSION

Wise's claims will be dismissed. Wise's § 2255 Motion (Docket No. 42) will be denied and the action will be dismissed. A certificate of appealability will be denied.[9]

The Clerk is directed to send a copy of the Memorandum Opinion to Wise and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: March 12, 2012
Richmond, Virginia

---

[9] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Wise has not satisfied this standard.